**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD FORCHION, | Civil Action No. 17-2669 (PGS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| ANGELO ONOFRI, et al., | |
| Defendants. | |

**SHERIDAN, District Judge:**

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Edward Forchion, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants. The Court previously granted Plaintiff *in forma pauperis* status. ECF No. 5. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). It appearing:

1. The claims asserted in the Complaint appear to arise out of an ongoing criminal prosecution against Plaintiff in state court. Plaintiff alleges that he was falsely prosecuted for witness tampering. ECF No. 3 at 3. He also alleges that he is being unconstitutionally imprisoned due to excessive bail. Plaintiff names as defendants Trenton Police Department, City of Trenton, Mercer County, and two prosecutors from Mercer County, Angelo Onofri and Stephanie Katz. Plaintiff also names Charles Ellis as a defendant, but provides no factual information about him; a quick search reveals that he is the warden of the Mercer County Correction Center, where Plaintiff is

1

being incarcerated. *See* http://www.mercercounty.org/departments/corrections (last visited June 30, 2017).

2. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

3. First, the Court dismisses all claims against Defendants Trenton Police Department, City of Trenton, and Mercer County. Although counties and their agencies are not immune from suit, *see N. Ins. Co. of N.Y. v. Chatham Cty., Ga.*, 547 U.S. 189, 193-94 (2006), "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Caldwell v. Egg Harbor Police Dep't*, 362 F. App'x 250, 251 (3d Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, to hold a municipality liable, the plaintiff must identify an official custom or policy that caused a constitutional deprivation. *Id.* at 251-52. To state a 1983 claim for municipal liability, a plaintiff must allege the existence of: (1) a policy or lack thereof; (2) a policy maker that effectuated said policy; and (3) a constitutional violation whose "moving force" was the policy in question. *Monell*, 436 U.S. at 694. Here, Plaintiff does not raise any policy claims against these

defendants—indeed, Plaintiff has not identified any policy that led to the alleged constitutional violations. As such, claims against these defendants are dismissed.

4. Next, the Court dismisses all claims against Ellis. As stated above, the Complaint lists Ellis as a defendant, but makes no factual allegations whatsoever against him. As a prison warden, the Court fails to see how he could have been directly involved in either the alleged malicious prosecution or the excess bail claim, and the Complaint does not explain his connection to the claims. Therefore, all claims against him are dismissed for failure to state a claim upon which relief may be granted.

5. The Court also dismisses Plaintiff's malicious prosecution claim. To state a valid malicious prosecution claim, Plaintiff must establish that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). Here, beyond the obvious flaw that the criminal proceeding is ongoing and thus could not have possibly ended in Plaintiff's favor, Plaintiff also attaches the grand jury indictment against him to the Complaint. *See* ECF No. 1-2 at 10. An indictment issued by a grand jury against a defendant "constitutes prima facie evidence of probable cause to prosecute." *Goodwin v. Conway*, 836 F.3d 321, 329 (3d Cir. 2016). Accordingly, the Complaint utterly fails to state any plausible claim of malicious prosecution, and the claim is dismissed.

6. Finally, the Court dismisses the excessive bail claim. The Third Circuit has instructed that under *Younger v. Harris*, 401 U.S. 37 (1971), "it would [be] inappropriate for the District Court to

interfere in [plaintiff's] state court criminal proceedings, or grant him bail[.]" *Cooley v. DiVecchio*, 307 F. App'x 611, 614 (3d Cir. 2009). "For the *Younger* doctrine to apply, state court proceedings must be pending or ongoing, the state proceedings must implicate an important state interest, and the state proceedings must afford an adequate opportunity to raise constitutional issues." *Id.* As is with the plaintiff in *Cooley*, "[a]ll three elements [are] satisfied in this case and the District Court [is] right to refrain from interfering in the state court action." *Id.*; *see Ward v. Plymale*, No. 12-6186, 2013 WL 6164277, at *6 (S.D.W.V. Nov. 25, 2013) (finding that *Younger* abstention precludes both injunctive and monetary relief on a claim of excessive bail against an ongoing criminal proceeding); *Mitchell v. S.C. All ETC.*; No. 12-1714, 2012 WL 5473097, at *3 (D.S.C. Oct. 23, 2012) (same). Thus, the Court declines jurisdiction over and dismisses the excessive bail claim. Having dismissed all claims in the Complaint, the Court dismisses the Complaint.

_____
**Peter G. Sheridan**
**United States District Judge**

Date: 9/6/17

4